**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LYNIDA WILLIAMS-SADDLER, as legal guardian of J.W., a minor, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 23-cv-04815 |
| CRAIG LANCASTER and CITY OF CHICAGO, | ) ) ) ) | District Judge Thomas M. Durkin |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S
MOTION TO CLARIFY THE COURT'S RULINGS ON ITS MOTION TO DISMISS**

NOW COMES Defendant City of Chicago ("City"), by and through one of its attorneys, Matthew H. Bunn, Assistant Corporation Counsel for the City of Chicago, and for its Motion to Clarify the Court's Rulings on Its Motion to Dismiss, states as follows:

1.      On October 11, 2023, Plaintiff Lynida Williams-Saddler, as legal guardian of J.W., a minor ("Plaintiff"), filed her Second Amended Complaint at Law ("SAC"). Doc. 20.

2.      In the SAC, Plaintiff pleaded six claims against the City: (i) a federal 42 U.S.C. § 1983 claim under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978) (Count II); (ii) an Illinois state law claim for battery (Count III); (iii) an Illinois state law claim for assault (Count IV); (iv) an Illinois state law claim for intentional infliction of emotional distress (Count V); (v) an Illinois state law claim for failure to train/failure to supervise/negligent retention (Count VI); and (vi) an Illinois state law claim for indemnification (Count VII). *Id.*

3.      On November 3, 2023, the City filed its Motion to Dismiss Counts II-VII of Plaintiff's SAC ("Motion to Dismiss"). Doc. 26. The City brought its Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). *Id.*

1

4.      In the Motion to Dismiss, the City made three overarching arguments: (i) Plaintiff failed to plead a *Monell* claim in Count II; (ii) Plaintiff failed to plead an Illinois state law claim for negligent training/supervision or negligent retention in Count VI; and (iii) Defendant Craig Lancaster ("Lancaster") was not acting within the scope of his employment with the City at the time of the incident involved in this case with respect to Counts III, IV, V, and VII. *Id.*[1]

5.      The parties fully briefed the City's Motion to Dismiss. On December 1, 2023, Plaintiff filed her Response to the City's Motion to Dismiss. Doc. 33. On December 26, 2023, the City filed its Reply in support of its Motion to Dismiss. Doc. 36.

6.      On April 18, 2024, the Court issued an order and made certain rulings on the City's first argument in its Motion to Dismiss regarding the sufficiency of Plaintiff's *Monell* claim in Count II and ordered further briefing from the parties solely on a *Monell* issue. Doc. 44.

7.      The parties then completed that supplemental briefing on the *Monell* issue: Plaintiff filed on May 10, 2024, and the City filed on May 24, 2024. Doc. 45, 46.

8.      On September 3, 2024, the Court issued an order discussing the parties' supplemental briefs on the *Monell* issue and ruled "the City's motion to dismiss Plaintiffs' *Monell* claim [26] is denied." Doc. 47 at p. 3.

9.      To date, the Court's only orders addressing the City's Motion to Dismiss were the April 18 and September 3, 2024, orders, yet neither of those orders addressed the City's two other arguments raised in its Motion to Dismiss concerning Plaintiff's failure to plead an Illinois state law claim for negligent training/supervision or negligent retention in Count VI and the issue of whether Lancaster was acting within the scope of his employment with the City at the time of the incident involved in this case with respect to Counts III, IV, V, and VII. *See* Doc. 44, 47.

---

[1] Count I of the SAC is a federal 42 U.S.C. § 1983 claim for excessive force against Lancaster. Doc. 20 at pp. 22–23. The City did not address Count I in its Motion to Dismiss.

10.     The City is unclear whether the above-quoted ruling by the Court in the September 3, 2024, order was intended as a final and complete ruling on the City's Motion to Dismiss because the Court has not yet ruled on the City's two other arguments raised in its Motion to Dismiss as discussed above.

11.     Accordingly, the City moves to clarify the Court's rulings on its Motion to Dismiss, Doc. 44 and Doc. 47, as to whether rulings by the Court are still forthcoming on the two other arguments raised in the City's Motion to Dismiss: (i) whether Plaintiff failed to plead an Illinois state law claim for negligent training/supervision or negligent retention in Count VI; and (ii) whether Lancaster was acting within the scope of his employment with the City at the time of the incident involved in this case with respect to Counts III, IV, V, and VII. Doc. 26.

12.     The City's counsel asked Plaintiff's counsel whether Plaintiff objects to this motion. Plaintiff's counsel declined to state a position.

13.     Wherefore, the City respectfully requests this Court grant this motion, clarify the Court's rulings, or still outstanding rulings, on the City's Motion to Dismiss, Doc. 26, and grant any further and additional relief the Court deems just and appropriate.

Dated: September 16, 2024                                          Respectfully Submitted,

                                                                 CITY OF CHICAGO

                                                                 By: */s/* Matthew H. Bunn
                                                                      Matthew H. Bunn

Caroline J. Fronczak, Deputy Corporation Counsel
Leslie E. Wiesen, Assistant Corporation Counsel
Matthew H. Bunn, Assistant Corporation Counsel
City of Chicago Department of Law
Federal Civil Rights Litigation Division
2 North LaSalle Street, Suite 420
Chicago, Illinois 60602
312-744-5126 (Fronczak)
312-742-1842 (Wiesen)

312-744-0226 (Bunn)
Caroline.Fronczak@cityofchicago.org
Leslie.Wiesen@cityofchicago.org
Matthew.Bunn@cityofchicago.org

*Counsel for Defendant City of Chicago*